UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WELLSWOOD COLUMBIA, LLC, | : | |
| PLAINTIFF, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:10-CV-01467 (VLB) |
| | : | |
| TOWN OF HEBRON, | : | |
| DEFENDANT. | : | JANUARY 29, 2013 |

**ORDER DISMISSING CASE; ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Dkt. #s 50, 51]**

I.  Introduction

The Plaintiff, Wellswood Columbia, LLC ("Wellswood"), brings this action against the Defendant Town of Hebron ("Hebron"), in recompense for injuries allegedly sustained as a result of Hebron's closure of a public road that provided the only access to real property owned by Wellswood. Plaintiff alleges various federal and state claims, including a taking without just compensation under the Fifth Amendment to the United States Constitution and an inverse condemnation claim under Connecticut constitutional law. Currently pending before the Court are cross motions for summary judgment. For the reasons that follow, both the Plaintiff's and Defendant's Motions for Summary Judgment [Dkt. #s 50, 51] are DENIED and this case is DISMISSED for lack of subject matter jurisdiction.

II.  Factual Background

1

Wellswood owns real property (the "Property") located in the town of Columbia, Connecticut, a geographical neighbor of the defendant Town of Hebron.  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 4; Dkt. 52, P's 56(a)(1) Stmt. ¶ 3].  In Columbia, the Property abuts Zola Road, which is unpaved and which, at the town border between Columbia and Hebron, continues into Hebron as Wellswood Road, a Hebron town road.  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶¶ 5, 6; Dkt. 52, P's 56(a)(1) Stmt. ¶ 4].  Wellswood and Zola Roads provide the only access to the Property, and the Property's only access to the public highway system is through Hebron's Wellswood Road.  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 6].  In December, 2005 Wellswood received a permit from the town of Columbia for the development of Wellswood Village, to be built on a portion of the Property for adult residential use.  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶¶ 7-9; Dkt. 52, P's 56(a)(1) Stmt. ¶¶ 6-8].  Prior to receipt of this permit, though, the Hebron Board of Selectmen voted to close Wellswood Road and to install a barricade on the road at the border between the towns of Hebron and Columbia, the point at which Hebron's Wellswood Road becomes Zola Road in Columbia.  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 12; Dkt. 52, P's 56(a)(1) Stmt. ¶ 11].  At the end of January, 2006 Hebron posted a sign at the end of Wellswood Road – at the border between the two towns – which read: "ROAD CLOSED PER HEBRON BOARD OF SELECTMEN."  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 18; Dkt. 52, P's 56(a)(1) Stmt. ¶ 15].

On November 16, 2005 – before Hebron had erected the ROAD CLOSED sign but after the Board of Selectmen had voted to close Wellswood Road – Wellswood brought an action in Connecticut superior court seeking a temporary

2

and permanent injunction to prevent Hebron, its Board of Selectmen, and the Town Manager from closing the road.  [Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 15; Dkt. 52, P's 56(a)(1) Stmt. ¶ 16].  Wellswood sought neither compensation under a takings theory nor damages.  [Dkt. 50-4, Complaint, CT Super. Ct.].  The superior court entered a ruling in 2008 denying Plaintiff's request for a permanent injunction, holding that Wellswood had failed to prove that it would suffer irreparable harm absent an injunction and had not sufficiently demonstrated that it was without an adequate remedy at law.  *Wellswood Columbia, LLC v. Town of Hebron*, No. TTDCV054003914S, 2008 WL 3307216, at *8 (Conn. Super. Ct. July 21, 2008).  The court further concluded that "because the plaintiffs have not sought money damages and have failed to show that they have suffered a total and permanent loss of a right of access as a result of the defendants' actions . . . they are not entitled to compensatory damages under a taking theory at this time."  *Id*. at *9.  In a footnote to the latter conclusion, the court explained that while Wellswood had argued in its post-trial brief for money damages and a temporary injunction were the court to find a permanent injunction to be improper, Wellswood had not provided sufficient evidence on the issue, had not sought such alternate recovery in any pleading or in its prayer for relief, and had not properly brought the issue before the court.  Thus, the court declined to address the issue of money damages, instead confining its inquiry to whether Wellswood was entitled to injunctive relief.  *Id*. at *9 n. 2.

Wellswood appealed the superior court ruling on August 4, 2008 and thereafter the Supreme Court of Connecticut transferred the appeal to itself.  [Dkt.

50-5, Superior Court docket; Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 21]. On April 27, 2010 the Connecticut Supreme Court reversed the superior court's ruling and remanded the case with direction to render judgment in favor of the plaintiffs. The narrow question on appeal was "whether a town may close a town road that provides the sole existing access to a property in an adjoining town in order to prevent traffic from a proposed subdivision on the property from overburdening the road." *Wellswood Columbia, LLC v. Town of Hebron*, 295 Conn. 802, 804 (Conn. 2010). The Supreme Court concluded that Hebron had acted in excess of its delegated municipal powers, and thus its ultra vires act of closing Wellswood Road was void ab initio, and consequently Wellswood was not required to show that it had been irreparably harmed by Hebron's act or that a remedy at law was unavailable. *Id.* at 824. In deciding this narrow issue, the Supreme Court also addressed Wellswood's standing to bring the action. The Court concluded that, because Wellswood had alleged in its complaint that "[i]f Wellswood Road is closed and said barricade is erected by Hebron, [the] [p]laintiffs will be deprived of all access to the [subdivision site] and the [property]," and because such an intrusion could constitute a direct injury to the property owner's right of access, a total deprivation of which constitutes a taking, Wellswood had standing to bring the action. *Id.* at 811-12. The Supreme Court did not, however, address whether a total deprivation of access had occurred or what damages would be due to Wellswood upon such deprivation.

Pursuant to the Supreme Court's remand order, the Superior Court entered judgment in favor of the plaintiff in the injunction action on July 21, 2010. [Dkt.

4

50-2, D's 56(a)(1) Stmt. ¶ 23; Dkt. 52, P's 56(a)(1) Stmt. ¶ 20].  Neither party has alleged – and this Court can find no evidence to the fact – that this ruling encompassed a compensation or damages analysis pertaining to any takings claim marginally asserted by Wellswood.

Plaintiff then promptly brought this action in federal court, alleging claims against the town of Hebron for (1) a temporary taking pursuant to the Takings Clause of the Fifth Amendment to the U.S. Constitution; (2) a violation of the Due Process Clause of the U.S. Constitution; (3) a violation of the Just Compensation Clause of the Fifth Amendment to the U.S. Constitution; (4) a violation of the just compensation clause, Article First, Section 11, of the Connecticut Constitution; (5) private nuisance; and (6) tortious interference with business expectancy.  [Dkt. 14, Amended Compl.].  The Plaintiff has filed a Motion for Summary Judgment as to liability on each of the above counts, while the Town of Hebron has filed a Motion for Summary Judgment alleging that Plaintiff's claims are barred by the doctrine of res judicata.

This Court, however, lacks the jurisdiction necessary to hear this action. Therefore, the parties' motions must be DENIED and this case must be DISMISSED.

III. <u>Analysis</u>

   a. <u>Fifth Amendment Ripeness</u>

"It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the

5

question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Const. Co., Inc. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir. 1997) ("a challenge to subject matter jurisdiction cannot be waived and may be raised either by motion or sua sponte at any time."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Ripeness is a constitutional prerequisite to exercise of jurisdiction by federal courts. The Court, therefore, can raise the issue sua sponte." *U.S. v. Fell*, 360 F.3d 135, 139 (2d Cir. 2004); *see also Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) ("[r]ipeness is a jurisdictional inquiry."); *Silva v. Town of Monroe*, CIV. 307CV1246VLB, 2010 WL 582611 (D. Conn. Feb. 16, 2010) ("because ripeness implicates federal subject matter jurisdiction, this Court must address the issue sua sponte"). Here, Plaintiff has alleged a violation of the Fifth Amendment to the U.S. Constitution as well as a claim for inverse condemnation under the Connecticut Constitution. Neither claim is ripe for adjudication in federal court.

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court held that a property owner alleging a Fifth Amendment claim for taking of property must satisfy a two-prong ripeness test before a takings claim may be heard in federal court. A plaintiff must demonstrate (1) that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the

6

regulations to the property at issue," and (2) that he or she has sought just compensation through the procedures provided by the state for doing so, and has been denied just compensation. *Id.* at 186, 194. "The Fifth Amendment does not proscribe the taking of property; it proscribes the taking without just compensation." *Id.* at 194. Thus, if a state provides an adequate procedure for obtaining compensation, "a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided." *Id.* at 195; *see also Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 379-80 (2d Cir. 1995) (citing same).

Article First, § 11 of the Connecticut Constitution, which states that "[t]he property of no person shall be taken for public use, without just compensation," provides an adequate procedure for a plaintiff alleging a takings claim to obtain just compensation for a taking. *Villager Pond*, 56 F.3d at 380 ("This clause may be used as the basis of an inverse condemnation action to recover compensation for property taken from private individuals"); *Santini v. Conn. Hazardous Waste Mgmt. Serv.*, 342 F.3d 118, 126 (2d Cir. 2003) abrogated on other grounds by *San Remo Hotel, L.P. v. City & County of S.F., Cal.*, 545 U.S. 323 (2005) (holding that plaintiff "could not have brought a Fifth Amendment takings claim in federal court until after he brought a state law inverse condemnation action in [Connecticut] state court"); *Melillo v. City of New Haven*, 249 Conn. 138, 154 n. 28 (Conn. 1999) ("We agree with the trial court that the plaintiffs are not entitled to consideration of [the Fifth Amendment] claim because of the existence of a legally sufficient

7

procedure, under article first, § 11, of the constitution of Connecticut, to obtain just compensation for the alleged taking of their property."); *Cumberland Farms, Inc. v. Town of Groton*, 262 Conn. 45, 81, 81 n.34 (Conn. 2002) (holding that plaintiff had "adequate postdeprivation remedy available to it, namely, an inverse condemnation claim" under the Connecticut constitution). Federal district courts routinely dismiss – and the Supreme Court and Second Circuit routinely uphold dismissal of – Fifth Amendment claims where a plaintiff has failed to utilize available state remedies to obtain just compensation for a taking, as prescribed under the *Williamson County* ripeness test. *See San Remo Hotel, L.P. v. City and County of S.F.*, 545 U.S. 323 (2005) (holding that petitioners' takings claims were unripe for adjudication in federal district court pursuant to *Williamson County*); *Livant v. Clifton*, 272 F. App'x 113, 117 (2d Cir. 2008); *Bonded Concrete, Inc. v. Town of Saugerties*, 50 F. App'x 491, 493-94 (2d Cir. 2002); *Villager Pond,* 56 F.3d at 379-80; *Arrigoni Enters., LLC v. Town of Durham*, 606 F. Supp. 2d 295, 298 (D. Conn. 2009); *Leone v. Whitford*, CIV.A. 3-05-CV-823JCH, 2007 WL 1191347 (D. Conn. Apr. 19, 2007) aff'd, 300 F. App'x 99 (2d Cir. 2008); *Vic's Super Serv., Inc. v. City of Derby*, 3:04 CV 2146(JBA), 2006 WL 2474918 (D. Conn. Aug. 25, 2006); *Warboys v. Proulx*, 303 F. Supp. 2d 111, 117 (D. Conn. 2004); *Hamer v. Darien Planning & Zoning Comm'n*, 3:11-CV-01845-WWE, 2012 WL 4371943 (D. Conn. Sept. 24, 2012) (reiterating *Williamson County* ripeness test); *Oliphant v. Villano*, 3:07CV1435 SRU, 2012 WL 3544882 (D. Conn. Aug. 16, 2012), appeal dismissed (Dec. 18, 2012) (same); *Brisbane v. Milano*, 3:08-CV-1328(VLB), 2010 WL 3000975 (D. Conn. July 27, 2010) aff'd, 443 F. App'x 593 (2d Cir. 2011) (same); *Lost Trail,*

*LLC v. Town of Weston*, 485 F. Supp. 2d 59, 63 (D. Conn. 2007) aff'd sub nom. Lost Trail LLC v. Town of Weston, 289 F. App'x 443 (2d Cir. 2008) (same).  *See also* Steven J. Eagle, *Regulatory Takings*, Ch. 8, §8-3, (4th Ed. 2009) (LexisNexis Matthew Bender) ("With respect to the substance of the most prevalent claim of all, that a statute or regulation is applied with respect to a particular parcel in a manner violative of the Takings Clause of the Fifth Amendment, an exceedingly difficult ripeness test is employed.  This test requires the reviewing court to determine both if a 'final determination' was issued below, and if the takings claimant availed himself of all applicable state remedies prior to bringing suit in federal court. . . . The willingness of federal courts to entertain regulatory takings actions is now so great that avoiding dismissal on ripeness grounds often is the primary barrier between the plaintiff and compensation.").

Wellswood has not shown that it has obtained just compensation through a proceeding in Connecticut state court under the state constitution.  As noted previously, the trial court in Plaintiff's earlier state court injunction action expressly declined to consider the issue of compensation and the Connecticut Supreme Court – although it did opine that Hebron's closure of Wellswood Road could constitute a taking – did not make a determination as to compensation.  Thus, as Plaintiff has failed to avail itself of the procedures in place to obtain compensation in state court as required under the second prong of the *Williamson County* ripeness test, Plaintiff's Fifth Amendment takings claims (Counts 1, 3) are not ripe for adjudication in this Court and must be dismissed.

    b. <u>Due Process</u>

Plaintiff's substantive due process claim (Count 2) also fails in this Court. The Supreme Court has noted that "[t]he first problem with using Substantive Due Process to do the work of the Takings Clause is that we have held it cannot be done. 'Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Stop the Beach Renourishment, Inc. v. Fla. Dept. of Envtl. Prot.*, 130 S. Ct. 2592, 2606 (2010) (plurality opinion) (*quoting Albright v. Oliver*, 510 U.S. 266, 273 (1994) (four-Justice plurality opinion) (*in turn quoting Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that where Fourth Amendment provides protection against unreasonable search and seizure, claim may not be analyzed under rubric of substantive due process))); *see also Harmon v. Markus*, 412 F. App'x 420, 423 (2d Cir. Mar. 8, 2011) (quoting same). Here, Wellswood's due process claim is based on its Fifth Amendment claim that Hebron effected a taking of the Property. This claim is repetitive of Wellswood's takings claims and must fail, as the Fifth Amendment "provides an explicit textual source of constitutional protection against" the government behavior alleged to have caused Plaintiff's injury, and as Plaintiff must first pursue its takings claim in state court.

### c. Plaintiff's Remaining State Law Claims

As stated above, this Court does not have jurisdiction over Plaintiff's federal takings claims (Counts 1, 3). Furthermore, Plaintiff's state law inverse condemnation claim *must* be brought in state court in the first instance, thus

10

expressly divesting this Court of jurisdiction to hear Plaintiff's Connecticut constitutional takings claim (Count 4). Nor may the Court hear Plaintiff's due process claim for the reasons articulated above (Count 2). Consequently, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining claims, both of which sound in state common law (Counts 5 and 6). "Supplemental or pendent jurisdiction is a matter of discretion, not of right. Thus, the court need not exercise supplemental jurisdiction in every case." *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 165-66 (D. Conn. 2005) (*citing United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966)). "The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience and fairness to the litigants. The court should decline to exercise supplemental jurisdiction, however, when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent. In addition, the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction." *Id.* (*citing* 28 U.S.C. § 1367(c)(3)); *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims").

### d. The Parties' Motions for Summary Judgment

11

**Because this Court does not have jurisdiction over this action, this Court also lacks jurisdiction to consider the parties' motions for summary judgment and these motions must be DENIED.** See **Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").**

**IV.   Conclusion**

**For the foregoing reasons, this action is DISMISSED for lack of jurisdiction as Plaintiff has not first pursued in state court available state law remedies to obtain just compensation for the alleged taking of its property.  Plaintiff's and Defendant's cross Motions for Summary Judgment are thus DENIED.  The Clerk is directed to close this case.**

IT IS SO ORDERED.


_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

**Dated at Hartford, Connecticut: January 29, 2013**