UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WELLSWOOD COLUMBIA, LLC, | : | |
|     PLAINTIFF, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 3:10-CV-01467 (VLB) |
| | : | |
| TOWN OF HEBRON, | : | |
|     DEFENDANT. | : | SEPTEMBER 30, 2013 |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S [69] MOTION FOR RECONSIDERATION; SEVERING AND REMANDING COUNTS 4, 5, AND 6; AND RETAINING JURISDICTION OVER COUNT 1 [Dkt. #s 50, 51]**

I.    Background

The Plaintiff, Wellswood Columbia, LLC ("Wellswood"), brought this action against the Defendant Town of Hebron ("Hebron"), in recompense for injuries allegedly sustained as a result of Hebron's closure of a public road that provided the only access to real property owned by Wellswood. On January 29, 2013, this court denied the Plaintiff's and the Defendant's cross motions for summary judgment and dismissed the action for lack of subject matter jurisdiction. [Dkt. #67]. Currently pending before the court is Plaintiff's Motion for Reconsideration [Dkt. #69] of the court's dismissal. For the reasons that follow, Wellswood's Motion for Reconsideration is GRANTED in part and DENIED in part. Specifically, this court will retain jurisdiction over count one, alleging a bad faith takings claim, only. Plaintiff's state law claims at counts four, five and six are severed and REMANDED to the Connecticut Superior Court, Judicial District of Hartford.

1

II.     **Legal Standard**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is justified only where the defendant identifies an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ayazi v. United Fedn. of Teachers Local 2*, 487 F. App'x 680, 681 (2d Cir. 2012) (internal citation and quotation marks omitted); *Ensign Yachts, Inc. v. Arrigoni*, 3:09-CV-209 (VLB), 2010 WL 2976927 (D. Conn. July 23, 2010) (same). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Further, Local Rule of Civil Procedure 7(c) requires parties seeking reconsideration to "set[ ] forth concisely the matters or controlling decisions which counsel believes the court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c).

III.    **Discussion**

Wellswood filed the instant Motion for Reconsideration on two grounds: first, that it has alleged two distinct takings claims under the Fifth Amendment, one of which is properly within the federal court's jurisdiction, and second, that this action was originally commenced in state court and removed to the federal

2

court, and thus the dismissal of Plaintiff's state law claims for lack of jurisdiction was improper. The court agrees.

### a. Fifth Amendment Claims

In its January 29, 2013 Order denying the parties' motions for summary judgment and dismissing this action, the court concluded that the Plaintiff's takings claims (counts one and three) under the Fifth Amendment were not ripe for adjudication in this Court pursuant to the U.S. Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). The parties agree that *Williamson County* precludes this court from considering count three, alleging a violation of the just compensation requirement of the Fifth Amendment.

Plaintiff argues, though, that it has brought two distinct takings claims under the Fifth Amendment, of which count one must remain within this court's jurisdiction. Specifically, Plaintiff states that "[c]ount 3 seeks 'just compensation for the temporary taking of plaintiff's property (a so-called 'uncompensated taking' claim)," and is thus not ripe in federal court, but that "[c]ount 1 asserts that the Town's *ultra vires* temporary taking of plaintiff's property for an improper purpose violated the Fifth Amendment's 'public use' dictate (a so-called 'bad faith taking' claim)," which is not proscribed by *Williamson County*. [Dkt. 69-1, P's M. for Recon. p. 3]. "The Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that 'private property' shall not 'be taken for public use, without just compensation.' Because the Constitution protects rather

3

than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.' " *Phillips v. Washington Legal Found.*, 524 U.S. 156, 163-64 (1998) (citations and internal quotation marks omitted); *New England Estates, LLC v. Town of Branford*, 294 Conn. 817, 834 (Conn. 2010) (same); U.S. Const. Amend. V. The Connecticut Supreme Court has recognized that the public use requirement of the Fifth Amendment does not prohibit *only* a taking of private property for a non-public use, but rather that "[i]t is well established … that a government actor's bad faith exercise of the power of eminent domain is a violation of the takings clause." *New England Estates, LLC*, 294 Conn. at 853 (citing cases). In so recognizing, the Connecticut Supreme Court concluded as follows:

> there is no merit to the town's claim that a violation of the public use requirement is limited to situations in which the government takes private property for a use that is not a public use. Although the United States Supreme Court has not yet addressed this issue directly, we agree with those jurisdictions concluding that the public use clause should not be interpreted so narrowly. Indeed, many state courts have found a violation of the takings clause on the basis of a bad faith exercise of the power of eminent domain.

*Id*. (collecting cases). Further, as violations of the public use requirement of the Fifth Amendment are unconstitutional regardless of whether just compensation is paid, the Connecticut Supreme Court has concluded that "the second prong of *Williamson* does not apply to a claim that a government actor's taking of private property violated the public use requirement." *Id*. at 833 (citing *Montgomery v.*

4

*Carter Cnty., Tennessee*, 226 F.3d 758, 766-767 (6th Cir. 2000)).  Thus, a plaintiff alleging a bad faith exercise of a municipality's eminent domain power pursuant to the public use requirement of the Fifth Amendment need not exhaust *Williamson County*'s ripeness requirements.  Accordingly, if Plaintiff has indeed pled a distinct bad faith takings claim pursuant to the public use requirement of the Fifth Amendment, such a claim is properly before this court.

      Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This short and plain statement must be "sufficient to give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Jones v. Nat'l Commc'ns. And Surveillance Networks*, 266 Fed. Appx. 31, 32 (2d Cir. Feb. 21, 2008) (internal citations and quotation marks omitted).  In addition, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      Here, Plaintiff's takings claims in counts one and three are not sufficiently distinct to have provided the Defendant with notice that two separate claims existed.  Count three, "42 U.S.C. § 1983: Just Compensation Clause," over which

5

this court ruled that it does *not* have jurisdiction pursuant to *Williamson County*, states as follows:

> 25. The actions of the defendant Town of Hebron constituted a taking of the Plaintiffs' property from on or about January 30, 2006 and continuing to on or about July 21, 2010.
>
> 26. The actions of the defendant Town of Hebron in so taking the Plaintiffs' property caused loss and damage to the Plaintiffs in that the defendant has not provided just compensation to the Plaintiffs for the taking of the Property.
>
> 27. The actions of the defendant Town of Hebron in so taking the Plaintiffs' property without just compensation violated the Just Compensation Clause of the United States Constitution, as made applicable to the defendant municipality.
>
> 28. The defendant, acting under color of law, has subjected the Plaintiffs to a deprivation of rights, privileges or immunities secured by the Constitution, in violation of 42 U.S.C. § 1983, entitling the Plaintiffs to damages.

[Dkt. 14, Am. Compl. ¶¶25-29 (p.9/15)].  Count one, Plaintiff's "42 U.S.C. § 1983: Bad Faith/Abuse of Power Taking Claim," states:

> 25. The actions of the defendant Town of Hebron constituted a taking of the Plaintiffs' property from on or about January 30, 2006 and continuing to on or about July 21, 2010.
>
> 26. The purpose of the defendant Town of Hebron's actions in taking the Plaintiffs' property was to interfere with the Plaintiffs' lawful and economically productive use and development of the Property.
>
> 27. The actions of the defendant Town of Hebron in taking the Plaintiffs' property were undertaken in bad faith and constituted an abuse of power.
>
> 27. [sic] The actions of the defendant Town of Hebron in so taking the Plaintiffs' property caused loss and damage to the Plaintiffs.

6

> 28. [sic] The actions of the defendant Town of Hebron in so taking the Plaintiffs' property violated the Takings Clause of the United States Constitution, as made applicable to the defendant municipality.
>
> 29. [sic] The defendant, acting under color of law, has subjected the Plaintiffs to a deprivation of rights, privileges or immunities secured by the Constitution, in violation of 42 U.S.C. § 1983, entitling the Plaintiffs to damages.

[Dkt. 14, Am. Compl. ¶¶25-29 (p.7/15)]. While Plaintiff has alleged that count one "violated the Takings Clause of the United States Constitution," nowhere does count one mention a violation of the public purpose requirement of the Fifth Amendment. Count one goes on to claim monetary loss occasioned by the taking further blurring the distinction between counts one and three, as a claim alleging a violation of the public purpose requirement of the Fifth Amendment does *not* implicate the failure to provide just compensation. In its motion for summary judgment, Plaintiff cites extensively to the Connecticut Supreme Court's decision in *New England Estates, LLC v. Town of Branford*, which appears to be one of the only cases within the Second Circuit or the states therein to address violations of the public use requirement on the basis of a bad faith exercise of the power of eminent domain rather than on a taking for a non-public use. 294 Conn. 817 (Conn. 2010). However, the state Supreme Court in that decision recognized that to prevail, the plaintiff's claim "required a showing that the town had been dishonest about its reasons for taking the land and had used a pretext to deprive the owners of the value of their bargain."[1] 294 Conn. at

---

[1] The *New England Estates* decision fails to clarify whether this requirement was specific to only the plaintiff in that case or whether dishonesty or subterfuge are a requirement for any bad faith takings claim pursuant to the public use

7

842. Wellswood does not allege in count one that the Town's reasons for closing Wellswood Road were pretextual; thus, a reading of *New England Estates* does not necessarily clarify Wellswood's bad faith takings claim and does not render it distinct from its just compensation claim.  It is further negligible whether Plaintiff has risen above the level of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, Wellswood's attempt to clarify count one in its motion for summary judgment does not cure the defects in the claim, as amendment of a pleading through the subsequent filing of a motion for summary judgment is ineffectual.  *See Natale v. Town of Darien, Conn.*, CIV. 3:97CV583 (AHN), 1998 WL 91073, at *4 n.2 (D. Conn. Feb. 26, 1998) (plaintiff cannot amend complaint in a memorandum of law) (citing *Daury v. Smith*, 842 F.2d 9, 15–16 (1st Cir.1988)); *Ruocco v. Tung*, 302CV1443(DJS), 2004 WL 721716, at *6 n.4 (D. Conn. Mar. 30, 2004) (same); *MacGillivray v. Whidden*, 3:04CV1523(CFD), 2006 WL 587593, at *3 (D. Conn. Mar. 10, 2006) (plaintiff may not amend complaint in memorandum in opposition to motion to dismiss).  On page eleven of its motion, Wellswood states that the Town's temporary taking of the Plaintiff's property "violated the public use requirement of the Takings Clause" and then further explains the nature of his claim.  [Dkt. 53, P's MSJ, p.11].  As noted prior, the amended complaint is

---

requirement.  Second Circuit case law does not clarify the issue.  The cases cited in New England Estates, however, all involved pretextual or dishonest reasons for condemnation of property.  294 Conn. at 853-54 (collecting cases).  This court declines to analyze this issue at this stage of the litigation; the court makes note of it solely for the purpose of analyzing whether the Plaintiff's takings claims are distinct.

8

devoid of any mention of the public use requirement of the Takings Clause and only contains unexplained allegations that the Town acted in bad faith. Amendment by way of the Plaintiff's memorandum of law is thus improper.

For the foregoing reasons, the court concludes that Plaintiff's counts one and three are not sufficiently distinct to have provided adequate notice to the Defendant of two separate Fifth Amendment claims.  Upon review of the Plaintiff's motion for reconsideration and re-review of Plaintiff's motion for summary judgment, though, and based on the court's jurisdiction over violations of the Fifth Amendment's public use requirement, and finally in furtherance of the preference of resolving cases on the merits and not on procedural grounds, the court retains jurisdiction over count one.

### b. Dismissal v. Remand of State Causes of Action

In its January 29, 2013 Order denying the parties' motions for summary judgment and dismissing this action, the court overlooked that this action was brought originally in state court and subsequently removed to federal district court.  Thus, the court's outright dismissal of Plaintiff's state law claims rather than their remand was in error.

Although this court retains jurisdiction over Plaintiff's bad faith takings claim pursuant to the Fifth Amendment (count 1), the court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's remaining state real property claims.  The Second Circuit has held that "[a]lthough the doctrine of pendent jurisdiction is one of flexibility and discretion,

it is fundamental that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.'" *Young v. New York City Transit Auth.*, 903 F.2d 146, 163-64 (2d Cir. 1990) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "A district court ought not reach out for [ ] issues, thereby depriving state courts of opportunities to develop and apply state law." *Young*, 903 F.2d at 164. Pendent jurisdiction is a matter of discretion, not of right, and a federal court need not exercise supplemental jurisdiction in every instance. *See United Mine Workers*, 383 U.S. at 726. A federal court may decline to exercise supplemental jurisdiction "when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent." *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 166 (D. Conn. 2005).

Here, Plaintiff has alleged three state real property law claims: an inverse condemnation claim pursuant to the Connecticut constitution (count four); a claim for common law private nuisance (count five); and a claim for tortious interference with business expectancy (count six). Although Plaintiff urges the court to retain supplemental jurisdiction over count four, Plaintiff's inverse condemnation claim *must* be brought in state court in the first instance pursuant to *Williamson County*, as discussed in this court's prior decision, and therefore must be remanded. It is further inappropriate to exercise supplemental jurisdiction over counts five and six based only on this court's retention of Plaintiff's bad faith takings claim, especially in light of both the lack of expertise

10

of federal courts in adjudicating state property law and the parties' extensive litigation of their prior claims in the Connecticut state court system, including in the Connecticut Supreme Court, from 2005 to 2010.  *See Wellswood Columbia, LLC v. Town of Hebron*, No. TTDCV054003914S, 2008 WL 3307216 (Conn. Super. Ct. July 21, 2008); *Wellswood Columbia, LLC v. Town of Hebron*, 295 Conn. 802, 824 (Conn. 2010); Dkt. 50-5, Superior Court docket; Dkt. 50-2, D's 56(a)(1) Stmt. ¶ 21].  "It is axiomatic, of course, that state law is the source of those strands that constitute a property owner's bundle of property rights.  [A]s a general proposition[,] the law of real property is, under our Constitution, left to the individual States to develop and administer."  *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 857 (1987).  *Phillips Petroleum Co. v. Mississippi*, 484 U.S. 469, 484 (1988) (same).  Plaintiff's private nuisance claim is a matter of state real property law.  Adjudication of this issue in federal court is unjustified where this court must remand other of Plaintiff's state law claims arising from the same circumstances that form the basis of Plaintiff's nuisance claim, and where state courts are specially equipped to decide issues of state law in the first instance.  Likewise, there is no reason for this court to exercise supplemental jurisdiction over Plaintiff's tortious interference with business expectancy claim where this claim will turn on issues and facts likely to arise in state court upon remand of Plaintiff's other claims.

Accordingly, Plaintiff's state law claims in counts four, five, and six are hereby severed and REMANDED.

IV.   Conclusion

**For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED in part and DENIED in part and this case shall be reopened. Specifically, this court will retain jurisdiction over count one, alleging a bad faith takings claim. Plaintiff's state law claims at counts four, five and six are SEVERED and REMANDED to the Connecticut Superior Court, Judicial District of Hartford.[2]**

              IT IS SO ORDERED.


              _____/s/_____
              **Hon. Vanessa L. Bryant**
              **United States District Judge**

**Dated at Hartford, Connecticut: September 30, 2013**

---

[2] **Counts two and three were dismissed in the Court's January 29, 2013 Order and are not disputed here.**